UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
MAY 0 9 2013

PER _____
DEPUTY CLERK

ANTHONY CORBIN,

    Plaintiff,

v.

TABB BICKELL, et al.,

    Defendants.

Civil Action No. 3:13-CV-0856

(Judge Kosik)

## MEMORANDUM

On April 5, 2013, Plaintiff, Anthony Corbin, an inmate at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), Huntingdon, PA, filed, *pro se,* a civil rights action with this Court pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis.* (Doc. 2). Magistrate Judge Thomas M. Blewitt screened the Complaint pursuant to 28 U.S.C. § 1915, in accordance with the Prison Litigation Reform Act of 1995. Presently before us is a Report and Recommendation ("R&R") by Magistrate Judge Blewitt dated April 19, 2013. (Doc. 6). Plaintiff has filed objections to the R&R and an addendum to the objections. (Doc. 7, 8). For the reasons that follow, we will adopt, in part, the R&R of the Magistrate Judge and remand this matter to the Magistrate Judge for further proceedings.

### Background & Procedural History

Plaintiff filed his Complaint on April 5, 2013. (Doc. 1). Plaintiff's Complaint concerns an Eighth Amendment conditions of confinement claim. (*Id.*). Plaintiff alleges that he has been constantly exposed, at unreasonably high levels, to Environmental Tobacco Smoke ("ETS") since his arrival at SCI-Huntingdon on about October 12, 2010. (*Id.*). Plaintiff further alleges that he has sought relief, unsuccessfully, from prison staff requesting not to be housed in smoking units and in cells with inmates who smoke. (*Id.*). Plaintiff attached to his Complaint numerous exhibits that chronicle his requests to prevent further exposure to ETS through the prison grievance process. (*Id.* at Ex. 1-A - 16-A). Plaintiff has

named ten (10) Defendants in his Complaint: Tabb Bickell, Superintendent at SCI-Huntingdon; Mary Lou Showalter, Health Care Administrator at SCI-Huntingdon; T. Hicks-Kern, Employment Office at SCI-Huntingdon; Scott Walters, Major of Unit Management at SCI-Huntingdon; Meg Yost, Counselor at SCI-Huntingdon; Kurt Granlund, Unit Manager at SCI-Huntingdon; Connie Green, Grievance Coordinator at SCI-Huntingdon; Dorina Varner, Chief Grievance Officer; SCI-Huntingdon; and Pennsylvania Department of Corrections ("DOC"). (*Id.* at p. 2).

As the Magistrate Judge explains:

> Specifically, Plaintiff states that he has been confined at SCI-Huntingdon for more than 2 years in the Special Needs Unit ("SNU") for "moderate mental reasons." He states that he has repeatedly and diligently sought relief from the exposure to environmental tobacco smoke, ETS. Plaintiff further states that since his arrival at SCI-Huntingdon on October 12, 2010, he has been exposed to unreasonably high levels of ETS, and is still subjected to the exposure to date. (Doc. 1, p. 2). Plaintiff states that he has unspecified conditions and that ETS makes his symptoms worse.
> Plaintiff states that after he was exposed to ETS for 13 months and after many of his verbal complaints were ignored, he started a log of his written complaints to prison staff to try and obtain an informal resolution seeking a change in his cell to be housed with a non-smoking inmate. Plaintiff states that he received a cell change in November 2011, but that the smoking of inmates inside the prison continued. Plaintiff avers that soon after his cell change, he was again housed with another chronic smoker inmate. Plaintiff alleges that he sent an Inmate Request to Defendant Bickell on February 17, 2012, and Bickell assured Plaintiff that the smoking policy in the prison would be enforced to the best of their ability.[1] Plaintiff avers that after 7 more months of being exposed to ETS, on September 5, 2012, he sent an Inmate Request to his Unit Counselor seeking a windowed cell. However, Plaintiff states that he was placed in A-A Unit in general population with a chain smoker inmate where he was exposed to triple the amount of ETS. On October 17, 2012, Plaintiff avers that he sent a Request to Defendant Yost for a cell change, namely, a single cell or a non-smoking cell mate or a cell in E-A Unit with a window. Plaintiff states that his Request was not granted.
> Plaintiff sent a Request to the Placement Office and Defendant Hicks-Kern advised him that he would not be moved for a while and to contact Defendant Walters, Unit Major. Plaintiff sent a request to Defendant Walters and Walters told Plaintiff he was on the list to move. Also, Walters told Plaintiff he would ask Defendant Granlund to look into the smoking in A-Unit.
> Plaintiff complained to the prison Medical Department in December 2012, after he felt effects from ETS, and he was told that Defendant Showalter stated there was nothing that could be done for him, and that [she] would not authorize a medical transfer for him. Plaintiff then contacted Defendant Bickell again *via* a Request and informed Bickell that his symptoms had worsened due to ETS, and he requested

---

[1] "Plaintiff cites to his Exhibits attached to his Complaint in reference to his Requests and Grievances." (Doc. 6, fn. 1).

2

immediate action to prevent further ETS damage to him. Defendant Granlund responded to Plaintiff's Request and told Plaintiff he would not be moved to E-Unit and to find a compatible cell mate.

Plaintiff states that after he exhausted all of the available informal resolutions to try and avoid ETS, he filed a grievance on December 4, 2012. Plaintiff states that the prison grievance coordinator rejected his grievance as untimely on December 17, 2012, and told him to correct the date. Plaintiff sent another Informal Request to Defendant Bickell on December 20, 2012, to try and remedy his complaint, and Bickell told Plaintiff that if he was found eligible for E-Unit housing, he would be moved. Plaintiff then re-submitted his grievance on December 24, 2012, with timely dates, and Defendant Grievance Coordinator Green rejected it as untimely. Plaintiff appealed to Defendant Bickell, and Bickell upheld the rejection. Plaintiff filed his final appeal, and Defendant Varner dismissed it on February 12, 2013, as untimely.

Thus, Plaintiff states that after he fully exhausted his DOC administrative remedies, he filed the instant § 1983 action. Plaintiff states that he is still exposed to ETS and suffering from unspecified symptoms. Plaintiff states that each of his Defendants had the duty to assist him and alleviate his exposure to ETS but failed to act. (Doc. 1, pp. 1-5).

As relief, Plaintiff requests the Court to order Defendants to immediately transfer him to a completely non-smoking Therapeutic Community facility under DOC control, or to order Defendants to place him in the Interstate Compact and transfer him to a completely non-smoking federal facility. Alternatively, Plaintiff requests the Court to transfer him to be housed in E-A Unit at SCI-Huntingdon with non-smoking inmates.

(Doc. 6, pp. 2-4).

After screening the Complaint pursuant to 28 U.S.C. § 1915, in accordance with the Prison Litigation Reform Act of 1995, the Magistrate Judge issued a R&R on April 19, 2013. (Doc. 6). In the R&R, the Magistrate Judge recommends that Plaintiff's requests for specific monetary damages should be stricken from the Complaint; that, to the extent that Plaintiff is seeking monetary damages (*i.e.,* compensatory and punitive damages) against Defendants in their official capacities, this request for relief be dismissed with prejudice; he recommends dismissing Defendants DOC and SCI-Huntingdon from the case, with prejudice; dismissing Defendants Varner, Showalter, Yost, Walters, Hicks-Kern, Granlund, and Green from this action, with prejudice; allowing Plaintiff's Eighth Amendment claim to proceed only as against Defendant Bickell; and he recommends that the case be remanded to the Magistrate Judge for further proceedings as against Defendant Bickell. (*Id.* at p. 17). On May 1, 2013, Plaintiff filed objections to the R&R and an addendum to the objections. (Doc. 7, 8).

3

## Standards of Review

### I. Plaintiff's Objections

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### II. Screening Pursuant to 28 U.S.C. § 1915

28 U.S.C. § 1915 sets standards for prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted. . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. *See Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

the complaint.

Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. *See Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)(quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Marangos v. Swett*, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(*citing Ashcroft v. Iqbal*, 556 U.S. 662, 677-679 (2009).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" *Iqbal*, 556 U.S. at 677 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted); *accord Iqbal*, 556 U.S. at 685. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*, 556 U.S. at 678 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Id.* at 106.

## Discussion

Plaintiff objects to the R&R of the Magistrate Judge. (Doc. 7, 8). Specifically, Plaintiff objects to: (1) dismissing his requests for relief in the form of transfer to different

5

units within SCI-Huntingdon, or alternatively, different facilities; (2) dismissing his request for monetary damages; (3) dismissing Defendants Varner, Showalter, Yost, Walters, Hicks-Kern, Granlund, and Green from the action based on personal involvement, or lack thereof; and (4) dismissing the previously named Defendants, along with Defendants DOC and SCI-Huntingdon on the basis of immunity. (*Id.*). Additionally, Plaintiff requests appointment of counsel[2] and the opportunity to amend his Complaint. (*Id.*).

## I. Relief

In his Complaint, Plaintiff requests relief in the form of transfer and monetary damages. (Doc. 1, p. 6). Plaintiff's transfer requests include a request to be transferred to a completely non-smoking, therapeutic community facility within the DOC, transfer to a non-smoking federal facility, or transfer within SCI-Huntingdon to the E-A unit with non-smokers only. (*Id.*). As the Magistrate Judge points out, Plaintiff has no constitutional right to confinement in any particular prison, facility or rehabilitative program. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Further, Plaintiff has no constitutional right to any particular classification or custody level in prison. *See Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997). As such, Plaintiff's relief in the form of transfer requests must be dismissed. In his objections, Plaintiff concedes this point.[3] (Doc. 7, p. 1).

---

[2]This matter will be remanded back to the Magistrate Judge. If Plaintiff still wishes to have counsel appointed, he should properly file a separate motion to appoint counsel.

[3]Plaintiff explains in his objections to the R&R:

> On page 5 of the prepared report and recommendation the court notes that plaintiff has no constitutional right to confinement in any particular prison, facility, or rehabilitative program, or a right to any particular classification or custody level in prison.
> Plaintiff concedes to this fact, rather wishes to inform the court that upon his arrival into the DOC and SCI-Huntingdon he was classified a level three inmate which made him instantly eligible for placement on E-A unit which would have been a reasonable remedy from the ETS, via window equipped cells.
> Plaintiff also contends that Eighth Amendment constitutional right against cruel and unusual punishment supersedes the absence of a constitutional right to confinement in any particular prison, facility, or rehabilitative program, and ask the court to consider this with their discretional authority when rendering a decision. Whereas smoking indoors is prohibited by law, the continued selling of tobacco in DOC facilities makes it impossible to enforce and poses a continued risk of future injury to the plaintiff.

Plaintiff also requests relief in the form of monetary damages valued at $250,000 dollars. (Doc. 1, p. 6). In the R&R, the Magistrate Judge recommends that Plaintiff's requests for specific amounts of monetary damages should be stricken pursuant to Local Rule 8.1, M.D. Pa. (Doc. 6, p. 9). The Magistrate Judge also recommends dismissing monetary damages against the Defendants, to the extent that Plaintiff seeks these damages against the Defendants in their official capacities. (*Id.*).

In his Objection, Plaintiff responds stating,

> Plaintiff objects to the recommendation on page 9 of the report, recommending [Plaintiff's] request for monetary damages be dismissed. Plaintiff concedes to striking the specific amount, but ask the court for leniency as [Plaintiff] is a layman litigant and accept the [Plaintiff's] complaint as amended as to seeking unspecified amount of monetary damages from all [Defendants] in their personal or professional capacities or which ever manner allows [Plaintiff] to recover a just and proper amount of damages due for his injuries and suffering.

(sic) (Doc. 7, p. 1-2). The above "objection" does not read like an objection. Instead, Plaintiff appears to agree with the Magistrate Judge's recommendation, but is merely unsure of how to fix the problem.

The Magistrate Judge correctly pointed out that Plaintiff can only seek monetary damages from the Defendants in their personal capacities. (*Id.*). *See Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa. 2007); *Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 681 (M.D. Pa. 2010); *Gale v. Stori*, 608 F. Supp. 2d 629, 636 (E.D. Pa. 2009). Considering the law and Plaintiff's "objection" to this recommendation, we will adopt the recommendation of the Magistrate Judge. We will strike Plaintiff's request for a specific amount of monetary damages and will only allow Plaintiff to seek monetary damages against Defendants in their personal capacities.

## II. Eleventh Amendment Immunity

The Magistrate Judge recommends dismissing Defendants DOC and SCI-Huntingdon,

---

(sic) (Doc. 7, p. 1).
    In response, we note that although we are dismissing Plaintiff's request for relief in the form of transfer, we will still consider Plaintiff's Eighth Amendment claim.

7

along with Defendants Bickell, Varner, Showalter, Yost, Walters, Hicks-Kern, Granlund, and Green, all in their official capacities, because these Defendants are entitled to Eleventh Amendment immunity. (Doc. 6, p. 10). Plaintiff objects to this recommendation of the Magistrate Judge, arguing that these Defendants violated his constitutional rights and, because of this, cannot receive Eleventh Amendment immunity. (Doc. 8).

Despite Plaintiff's objections, the Magistrate Judge was correct in finding that Defendants DOC and SCI-Huntingdon, along with Defendants Bickell, Varner, Showalter, Yost, Walters, Hicks-Kern, Granlund, and Green, in their *official* capacities, are entitled to Eleventh Amendment immunity. As the Magistrate Judge explains, "Plaintiff does not contend that Pennsylvania has waived its immunity or consented to his action. Further, Pennsylvania has not waived its Eleventh Amendment immunity to such action." (Doc. 6, p. 10 citing *Keisling v. Renn,* 425 Fed. Appx. 106, 109 (3d Cir. 2011); *See also Will v. Michigan Dept. of State Police,* 491 U.S. at 70-71.). We will dismiss Defendants DOC, SCI-Huntingdon, and the eight individual named Defendants above, in their official capacities.

### III. Section 1983

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parrat v. Taylor,* 451 U.S. 527 (1981); *Kost v. Kozakiewicz,* 1 F.3d 176, 184 (3d Cir. 1993). Section 1983 does not create substantive rights; it "merely provides a mechanism for enforcing individual rights 'secured' elsewhere . . . 'One cannot go into court and claim a violation of § 1983 - for § 1983 by itself does not protect anyone against anything.'" *Gonzaga Univ. v. Doe,* 536 U.S. 273, 284-85 (2002) *quoting Chapman v. Houston Welfare Rights Org.,* 451 U.S. 287, 294 (1981).

In order for § 1983 liability to be appropriate, "[a] defendant in a civil rights action

8

must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) *quoting Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The plaintiff must allege personal involvement, which "can be shown through allegations of personal direction or of actual knowledge or acquiescence," and must be pled with particularity. *Id.*, *see also Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980) (holding civil rights complaint adequate where it states time, place, conduct and persons responsible); *Hall v. Pa. State Police,* 570 F.2d 86, 89 (3d Cir. 1978) (holding a plaintiff's mere assertions that his rights have been violated "without facts upon which to assess the substantiality of the claim" were insufficient to support a § 1983 action).

The Magistrate Judge recommends only allowing the Complaint to proceed as against Defendant Bickell. (Doc. 6). The Magistrate Judge also recommended dismissing the remaining seven Defendants, Defendants Varner, Showalter, Yost, Walters, Hicks-Kern, Granlund, and Green. (*Id.*). The Magistrate Judge recommended dismissal of these Defendants because the Magistrate Judge found that these Defendants were only involved with this case regarding their responses to Plaintiff's Requests, grievances, and appeals. (Doc. 6, p. 12-14).

Plaintiff objects to this recommendation, stating that all of the named Defendants had the duty, obligation and requisite authority to take action. (Doc. 7, p. 2). He goes on further to explain that these Defendants are personally involved and liable and were deliberately indifferent in their failure to act. (*Id.*).

The Magistrate Judge correctly explained that it is well established that inmates do not have a constitutionally protected right to a prison grievance system. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977); *See also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (ruling that federal grievance regulations providing administrative remedy procedure do not create liberty interest in access to that procedure). Further, "[e]ven if

the prison provides for a grievance procedure, as the DOC does, violations of those procedures do not amount to a civil rights cause of action." (Doc. 6, p. 13) (internal citations omitted).

Despite the Magistrate Judge's recommendation, we will not dismiss all of these Defendants at this time. The claim against Defendants Showalter, Yost, Walters, Hicks-Kern, and Granlund will be allowed to proceed. Defendants Varner and Green, however, as Chief Grievance Officer and Grievance Coordinator at SCI-Huntingdon, respectively, will be dismissed from this action for the reasons discussed by the Magistrate Judge. As discussed below, we will allow Plaintiff the opportunity to amend his Complaint to explain the personal involvement of the Defendants more fully, beyond their responses to the Plaintiff's grievance procedures.

## IV. Amending the Complaint

The Magistrate Judge recommends allowing the Complaint to go forward as to Defendant Bickell, and dismissing, with prejudice, the remaining Defendants. (Doc. 6). The Magistrate Judge also recommends dismissing, with prejudice, the requested forms of relief. (*Id.*). In the addendum to his objections, Plaintiff asks the Court to allow him to amend his Complaint. (Doc. 8).

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). We will not allow Plaintiff to amend his Complaint on all issues. Specifically, we will not allow Plaintiff to amend his Complaint in regards to the dismissal of Defendants DOC, SCI-Huntingdon, Green, and Varner based on futility.[4] Nor will we allow Plaintiff to amend his

---

[4]Defendants DOC and SCI-Huntingdon are entitled to Eleventh Amendment immunity. Defendants Green and Varner, though entitled to Eleventh Amendment immunity in their official capacities, are not immune in their personal capacities. However, Defendant Green is the Grievance Coordinator at SCI-Huntingdon and Defendant Varner is the Chief Grievance Officer. Based on their positions in the prison and Plaintiff's Complaint, we see futility in allowing Plaintiff to amend his Complaint in regards to these Defendants. Thus, Defendants DOC, SCI-

Complaint in regards to the requested forms of relief based on futility. Finally, Plaintiff will not be allowed to amend his Complaint against any of the Defendants, in their official capacity, based on futility. However, we will allow Plaintiff to amend his Complaint to show, more fully, the personal involvement of Defendants Showalter, Hicks-Kern, Walters, Yost, and/or Granlund, in their *personal* capacities.

## Conclusion

For the reasons discussed above, we will adopt, in part, the Report and Recommendation of the Magistrate Judge. Plaintiff's request for relief in the form of transfer and Plaintiff's request for relief of monetary damages from Defendants in their official capacities will be dismissed with prejudice. Plaintiff's requests for relief for a specific amount of money will be stricken from the Complaint. We will also dismiss Defendants DOC, SCI-Huntingdon, Green, and Varner from this action, with prejudice. The action will be allowed to proceed as against Defendants Bickell, Showalter, Hicks-Kern, Walters, Yost, and Granlund, in their personal capacities, and Plaintiff will be given an opportunity to amend his Complaint against these Defendants. Finally, we will dismiss, with prejudice, any claim brought against any Defendant in his or her official capacity.

---

Huntingdon, Green, and Varner will be dismissed from this action, with prejudice.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY CORBIN,

    Plaintiff,

v.

TABB BICKELL, et al.,

    Defendants.

Civil Action No. 3:13-CV-0856

(Judge Kosik)

## ORDER

AND NOW, this 9Th day of May, 2013, IT IS HEREBY ORDERED THAT:

1. The April 19, 2013 Report and Recommendation (Doc. 6) of Magistrate Judge Thomas M. Blewitt is ADOPTED, in part;

2. Plaintiff's Objections to Report and Recommendation and his addendum to the Objections (Doc. 7, 8) are OVERRULED, in part, and SUSTAINED, in part;

3. Plaintiff's claims for monetary damages against Defendants in their official capacities are DISMISSED, with prejudice;

4. Plaintiff's requests for relief in the form of transfer are DISMISSED, with prejudice;

5. Defendants DOC, SCI-Huntingdon, Green, and Varner are DISMISSED, with prejudice, from this action;

6. Plaintiff's claims against all Defendants in their official capacities are DISMISSED, with prejudice;

7. The claims against Defendants Bickell, Showalter, Yost, Walters, Hicks-Kern, and Granlund, in their personal capacities, will be allowed to proceed;

8. The Plaintiff has thirty (30) days from the date of this Order in which to amend his Complaint in accordance with the accompanying Memorandum; and

9. The above-captioned case is REMANDED to the Magistrate Judge for further proceedings consistent with this Memorandum and Order.

                                          Edwin M. Kosik
                                          United States District Judge